TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
JERRY C. YANG
Assistant United States Attorney
Chief, Riverside Branch Office
ELI A. ALCARAZ (Cal. Bar No. 288594)
Assistant United States Attorney
Riverside Branch Office
     3403 Tenth Street, Suite 200
     Riverside, California 92501
     Telephone: (951) 276-6938
     Facsimile: (951) 276-6202
     E-mail:   Eli.Alcaraz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ED CR No. 20-056(A)-JFW |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT RICHARD ALLEN MEASE |
| v. | |
| RICHARD ALLEN MEASE, | |
| Defendant. | |

     1.   This constitutes the plea agreement between RICHARD ALLEN

MEASE ("defendant") and the United States Attorney's Office for the

Central District of California (the "USAO") in the above-captioned

case.  This agreement is limited to the USAO and cannot bind any

other federal, state, local, or foreign prosecuting, enforcement,

administrative, or regulatory authorities.

                         DEFENDANT'S OBLIGATIONS

     2.   Defendant agrees to:

          a.   At the earliest opportunity requested by the USAO and

provided by the Court, appear and plead guilty to count 12 of the

first superseding indictment in <u>United States v. Richard Allen Mease</u>, ED CR No. 20-056(A)-JFW, which charges defendant with False Statement in Bankruptcy, in violation of 18 U.S.C. § 153(3), and Causing and Act to be Done, in violation of 18 U.S.C. § 2(b).

       b.   Not contest facts agreed to in this agreement.

       c.   Abide by all agreements regarding sentencing contained in this agreement.

       d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

       e.   Not commit any crime or any act constituting obstruction of justice; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

       f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

       g.   Pay the applicable special assessment two weeks before sentencing unless defendant has demonstrated a lack of ability to pay such assessment.  Such pre-sentencing payment is made by issuing payment in the form of certified check, business check, or money order (no personal checks) made payable to "Clerk, U.S. District Court," and identify the case name and number on the "memo" line.  All payments shall be delivered to:

       United States District Court

       Fiscal Department

       255 East Temple Street, Room 1178

       Los Angeles, CA 90012

1     h.   Ability to pay shall be assessed based on the

2     Financial Disclosure Statement, referenced below, and all other

3     relevant information relating to ability to pay.

4     i.   Defendant agrees that any and all restitution/fine

5     obligations ordered by the Court will be due in full and immediately

6     unless defendant has demonstrated a lack of ability to pay.  If the

7     Court imposes a payment schedule based on defendant showing a lack of

8     ability to pay full and immediate restitution/fine, the government is

9     not precluded from pursuing, in excess of any payment schedule set by

10    the Court, any and all available remedies by which to satisfy

11    defendant's payment of the full financial obligation, including

12    referral to the Treasury Offset Program.

13    j.   Complete the Financial Disclosure Statement on a form

14    provided by the USAO and, within 30 days of defendant's entry of his

15    guilty plea, deliver the signed and dated statement, along with all

16    of the documents requested therein, to the USAO by either email at

17    usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

18    Litigation Section at 300 N. Los Angeles St., Suite 7516, Los

19    Angeles, CA 90012.

20    k.   Not seek the discharge of any restitution obligation,

21    in whole or in part, in any present or future bankruptcy proceeding.

22    l.   Agree that the restitution, restitution judgment,

23    payment provisions, and collection actions of this plea agreement are

24    intended to, and will, survive defendant, notwithstanding the

25    abatement of any underlying criminal conviction after the execution

26    of this agreement.  Further agree that any restitution collected

27    and/or distributed will survive him, notwithstanding the abatement of

28    any underlying criminal conviction after execution of this agreement.

3

1

<u>THE USAO'S OBLIGATIONS</u>

2        3.    The USAO agrees to:

3             a.    Not contest facts agreed to in this agreement.

4             b.    Abide by all agreements regarding sentencing contained
5    in this agreement.

6             c.    At the time of sentencing, move to dismiss the
7    remaining counts of the first superseding indictment, as well as the
8    indictment.  Defendant agrees, however, that at the time of
9    sentencing the Court may consider any dismissed charges in
10   determining the applicable Sentencing Guidelines range, the propriety
11   and extent of any departure from that range, and the sentence to be
12   imposed.

13            d.    At the time of sentencing, provided that defendant
14   demonstrates an acceptance of responsibility for the offense up to
15   and including the time of sentencing, recommend a two-level reduction
16   in the applicable Sentencing Guidelines offense level, pursuant to
17   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
18   additional one-level reduction if available under that section.

19            e.    Recommend that defendant be sentenced to a term of
20   imprisonment no higher than the low end of the applicable Sentencing
21   Guidelines range, provided that the offense level used by the Court
22   to determine that range is 12 or higher and provided that the Court
23   does not depart downward in offense level or criminal history
24   category.  For purposes of this agreement, the low end of the
25   Sentencing Guidelines range is that defined by the Sentencing Table
26   in U.S.S.G. Chapter 5, Part A , without regard to reductions in the
27   term of imprisonment that may be permissible through the substitution

28

of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

## NATURE OF THE OFFENSE

4.    Defendant understands that for defendant to be guilty of the crime charged in count 12 of the first superseding indictment, that is, False Statements in Bankruptcy, in violation of Title 18, United States Code, Section 152(3), the following must be true:

a.    There was a bankruptcy proceeding;

b.    Defendant knowingly made a declaration, certificate, verification, or other statement in relation to the bankruptcy proceeding as permitted under 28 U.S.C. § 1746 (under penalty of perjury);

c.    The declaration, certificate, verification, or other statement that defendant made was false and was as to a material matter; and

d.    Defendant acted with the intent to defraud.

## PENALTIES AND RESTITUTION

5.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 152(3), is: five years' imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.    Defendant understands that defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim of the offense to

which defendant is pleading guilty and in amounts greater than those alleged in the count to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties have not reached an agreement on the amount of restitution, but defendant understands that the government intends to seek restitution at the time of sentencing pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. Defendant further understands that the government believes that restitution will be no less than $50,000.

7.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that

6

1  it is a federal crime for a convicted felon to possess a firearm or

2  ammunition.  Defendant understands that the conviction in this case

3  may also subject defendant to various other collateral consequences,

4  including but not limited to revocation of probation, parole, or

5  supervised release in another case and suspension or revocation of a

6  professional license.  Defendant understands that unanticipated

7  collateral consequences will not serve as grounds to withdraw

8  defendant's guilty plea.

9          9.   Defendant and his counsel have discussed the fact that, and

10  defendant understands that, if defendant is not a United States

11  citizen, the conviction in this case makes it practically inevitable

12  and a virtual certainty that defendant will be removed or deported

13  from the United States.  Defendant may also be denied United States

14  citizenship and admission to the United States in the future.

15  Defendant understands that while there may be arguments that

16  defendant can raise in immigration proceedings to avoid or delay

17  removal, removal is presumptively mandatory and a virtual certainty

18  in this case.  Defendant further understands that removal and

19  immigration consequences are the subject of a separate proceeding and

20  that no one, including his attorney or the Court, can predict to an

21  absolute certainty the effect of his conviction on his immigration

22  status.  Defendant nevertheless affirms that he wants to plead guilty

23  regardless of any immigration consequences that his plea may entail,

24  even if the consequence is automatic removal from the United States.

25                          FACTUAL BASIS

26          10.  Defendant admits that defendant is, in fact, guilty of the

27  offense to which defendant is agreeing to plead guilty.  Defendant

28  and the USAO agree to the statement of facts provided below and agree

7

that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 12 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

Beginning on a date unknown, but no later than August 18, 2004,
and continuing through at least May 17, 2018, defendant engaged in a
scheme wherein he charged debtors more than $200 each to prepare
bankruptcy petitions.  On or about June 14, 2010, in connection with
a bankruptcy case (case number 6:09-bk-30766-MJ) in which defendant
was the bankruptcy petition preparer ("BPP"), the United States
Bankruptcy Court for the Central District of California issued a
written order ("Prior Order") imposing fines against defendant of
$4,000 payable to the U.S. Trustee for violations of Bankruptcy Code
Section 110, and requiring defendant to disgorge fees and pay damages
of $2,000 to the debtor, D.S.  On May 21, 2011, the Bankruptcy Court
issued a written order ("injunction") stating that defendant was
"enjoined from preparing or assisting in preparing, whether directly
or indirectly or in any manner whatsoever, any bankruptcy documents
for filing in the Central District of California pursuant to 11
U.S.C. § 110(j)(3) until such time as [defendant] complies with the
Prior Order."  The injunction was never lifted because defendant
never complied with the terms of the Prior Order, as set forth in the
injunction.

On November 20, 2013, in another bankruptcy proceeding (case
number 6:11-bk-12484-SC), defendant was held in civil contempt by
United States Bankruptcy Judge Scott C. Clarkson, for continuing to

8

act as a BPP in violation of the injunction.  Subsequently, defendant circumvented the injunction, by falsely representing, in bankruptcy petitions, his involvement as the BPP.

For example, on or about May 15, 2018, in San Bernardino and Riverside Counties, within the Central District of California, defendant knowingly and fraudulently made and willfully caused to be made a materially false declaration and statement under penalty of perjury within the meaning of Title 28, United States Code, Section 1746, in and in relation to a case under Title 11, United States Code, namely, the bankruptcy case assigned case number 6:18-bk-14088-MW (the "case re: petitioner J.M.M."), in the United States Bankruptcy Court for the Central District of California, by submitting and declaring under penalty of perjury to be true an Official Form 101 (Voluntary Petition for Individuals Filing for Bankruptcy), which stated "No" to the question, "Did you pay or agree to pay someone who is not an attorney to help you fill out your bankruptcy forms?", when, in fact, as defendant then knew, defendant was the BPP for the bankruptcy petition in the case re petitioner J.M.M., and petitioner J.M.M. had agreed to pay defendant fees for the BPP services in connection with the case re petitioner J.M.M. The statement "No" was material in that it had a natural tendency to influence, or was capable of influencing, how the bankruptcy court processed and adjudicated the case re: petitioner J.M.M.  Between November 18, 2011 and May 17, 2018, defendant prepared at least 10 bankruptcy petitions in this manner.

In the Central District of California, under applicable guidelines, a BPP was generally permitted to charge fees of up to $200 to prepare and file a bankruptcy petition.  Sometimes defendant

charged debtors between $300 and $500 to prepare their bankruptcy petitions.  Sometimes, defendant charged between $1,000 and $3,000 to prepare their bankruptcy petitions.  Defendant charged debtors to prepare petitions after he was permanently enjoined from doing so.

SENTENCING FACTORS

11.  Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).  Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

12.  Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 6 | U.S.S.G. § 2B1.1(a)(2) |
| Ten or More Victims: | +2 | U.S.S.G. § 2B1.1(b)(2)(A)(i) |
| Misrepresentation in Bankruptcy Proceedings: | +2 | U.S.S.G. § 2B1.1(b)(9)(B) |

The USAO agrees not to seek a four-level upwards adjustment for substantial financial hardship to five or more victims under U.S.S.G. § 2B1.1(b)(2)(B) or a two-level upwards adjustment for vulnerable victim under U.S.S.G. § 3A1.1(b).  Defendant and the USAO reserve the right to argue that additional specific offense characteristics,

adjustments, and departures, including but not limited to an enhancement applicable for loss under U.S.S.G. § 2B1.1(b)(1), under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

15.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

      c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.  The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

i.    Further, defendant knowingly and voluntarily waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

### WAIVER OF RETURN OF DIGITAL DATA

16.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

17.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to

appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment on the count of conviction of no more than 15 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $50,000; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than six months, the USAO gives up its right to appeal any portion of the

sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered if that amount is less than $33,500.

## RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

21.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of

14

1  defendant's obligations under this agreement ("a breach"), the USAO

2  may declare this agreement breached.  All of defendant's obligations

3  are material, a single breach of this agreement is sufficient for the

4  USAO to declare a breach, and defendant shall not be deemed to have

5  cured a breach without the express agreement of the USAO in writing.

6  If the USAO declares this agreement breached, and the Court finds

7  such a breach to have occurred, then: (a) if defendant has previously

8  entered a guilty plea pursuant to this agreement, defendant will not

9  be able to withdraw the guilty plea, and (b) the USAO will be

10 relieved of all its obligations under this agreement.

11     23.  Following the Court's finding of a knowing breach of this

12 agreement by defendant, should the USAO choose to pursue any charge

13 that was either dismissed or not filed as a result of this agreement,

14 then:

15          a.   Defendant agrees that any applicable statute of

16 limitations is tolled between the date of defendant's signing of this

17 agreement and the filing commencing any such action.

18          b.   Defendant waives and gives up all defenses based on

19 the statute of limitations, any claim of pre-indictment delay, or any

20 speedy trial claim with respect to any such action, except to the

21 extent that such defenses existed as of the date of defendant's

22 signing this agreement.

23          c.   Defendant agrees that: (i) any statements made by

24 defendant, under oath, at the guilty plea hearing (if such a hearing

25 occurred prior to the breach); (ii) the agreed to factual basis

26 statement in this agreement; and (iii) any evidence derived from such

27 statements, shall be admissible against defendant in any such action

28 against defendant, and defendant waives and gives up any claim under

the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

24. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26.   Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

27.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

28.   The parties agree that this agreement will be considered

///

///

17

1   part of the record of defendant's guilty plea hearing as if the

2   entire agreement had been read into the record of the proceeding.

3   AGREED AND ACCEPTED

4   UNITED STATES ATTORNEY'S OFFICE
    FOR THE CENTRAL DISTRICT OF
5   CALIFORNIA

6   TRACY L. WILKISON
    Acting United States Attorney

7

8   _Eli Alcaraz_                              5/10/2021
    _____          _____
    ELI A. ALCARAZ                            Date
9   Assistant United States Attorney

10                                            _5/7/21_
    _____          _____
    RICHARD ALLEN MEASE                       Date
11  Defendant

12                                            5/10/21
    _____          _____
    ELENA R. SADOWSKY                         Date
13  Deputy Federal Public Defender
    Attorney for Defendant
14  RICHARD ALLEN MEASE

15

16                    CERTIFICATION OF DEFENDANT

17        I have read this agreement in its entirety.  I have had enough

18  time to review and consider this agreement, and I have carefully and

19  thoroughly discussed every part of it with my attorney.  I understand

20  the terms of this agreement, and I voluntarily agree to those terms.

21  I have discussed the evidence with my attorney, and my attorney has

22  advised me of my rights, of possible pretrial motions that might be

23  filed, of possible defenses that might be asserted either prior to or

24  at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),

25  of relevant Sentencing Guidelines provisions, and of the consequences

26  of entering into this agreement.  No promises, inducements, or

27  representations of any kind have been made to me other than those

28  contained in this agreement.  No one has threatened or forced me in

                                    18

1  any way to enter into this agreement.  I am satisfied with the
2  representation of my attorney in this matter, and I am pleading
3  guilty because I am guilty of the charge and wish to take advantage
4  of the promises set forth in this agreement, and not for any other
5  reason.

6  _____                    5/7/21
7  RICHARD ALLEN MEASE                          Date
   Defendant
8

9                    CERTIFICATION OF DEFENDANT'S ATTORNEY
10     I am Richard Allen Mease's attorney.  I have carefully and
11 thoroughly discussed every part of this agreement with my client.
12 Further, I have fully advised my client of his rights, of possible
13 pretrial motions that might be filed, of possible defenses that might
14 be asserted either prior to or at trial, of the sentencing factors
15 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
16 provisions, and of the consequences of entering into this agreement.
17 To my knowledge: no promises, inducements, or representations of any
18 kind have been made to my client other than those contained in this
19 agreement; no one has threatened or forced my client in any way to
20 enter into this agreement; my client's decision to enter into this
21 agreement is an informed and voluntary one; and the factual basis set
22 forth in this agreement is sufficient to support my client's entry of
23 guilty plea pursuant to this agreement.

24                                                  5/10/21
25 _____            Date
   ELENA R. SADOWSKY
   Deputy Federal Public Defender
26 Attorney for Defendant
   RICHARD ALLEN MEASE
27

28

                                    19